**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTIAN WOMACK | : | |
| | : | |
| Appellant | : | No. 1416 EDA 2022 |

Appeal from the PCRA Order Entered May 5, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0002911-2006

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED SEPTEMBER 5, 2023**

Christian Womack appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Additionally, Womack's appointed counsel, Stephen Molineux, Esq., has requested permission to withdraw from this matter and filed a **_Turner/Finley_**[1] letter brief. After careful review, we grant attorney Molineux permission to withdraw and affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Counsel petitioning to withdraw from PCRA representation is required to proceed under **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988) and **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988). Counsel must review the record, submit a "no-merit" letter evaluating the issues the petitioner wishes to address and explaining their lack of merit, request permission to withdraw, and send the "no-merit" letter and petition to withdraw to their client along with an explanation of their right to proceed *pro se*.

On August 13, 2007, Womack pled guilty to receiving stolen property and criminal conspiracy. ***See*** Judgment of Sentence, 8/13/07. He was immediately sentenced to ten months to twenty-three months' incarceration to be followed by two years of probation, and was scheduled to report for his sentence on September 4, 2007. ***See id***. Womack filed *pro se* petitions for a writ of error of *coram nobis* on May 8 and June 15, 2020. The court treated the filings as a PCRA petition and appointed Scott Galloway, Esq., to represent Womack. Attorney Galloway filed an amended petition and the PCRA court dismissed the petition without a hearing.

Womack filed a *pro se* appeal, and the PCRA court subsequently granted attorney Galloway permission to withdraw his appearance in this matter.[2] Upon receipt of Womack's *pro se* appeal, this Court noted that there was no indication that Attorney Galloway had withdrawn pursuant to ***Turner/Finley***, and directed the PCRA court to determine whether Womack was entitled to counsel on appeal. ***See*** Order, 7/18/22, at ¶ 2.

The PCRA court subsequently appointed attorney Molineux as counsel for this appeal. ***See*** Trial Court Order, 10/17/22. As noted, attorney Molineux then filed a letter brief pursuant to ***Turner/Finley*** and an application to withdraw as counsel. Womack then filed an application to proceed *pro se*. This Court denied that application, permitting Womack to file a response to

---

[2] Womack's notice of appeal constitutes an exception to the general prohibition against "hybrid" representation. ***See Commonwealth v. Williams***, 151 A.3d 621, 624 (Pa. Super. 2016).

counsel's *Turner/Finley* brief and application to withdraw. *See* Order, 3/6/23. Womack did not file a response.

In counsel's *Turner/Finley* letter brief he evaluated the one issue that Womack wished to raise: whether trial counsel was ineffective for failing to be present at the time of Womack's guilty plea. *See Turner* Letter at 3.

Before addressing the merits of the issue, we will address attorney Molineux's request to withdraw. Counsel seeking to withdraw under *Turner/Finley* must complete a comprehensive review of the case before submitting a brief to this Court, detailing their review, explaining why the petitioner's intended issues lack merit and asking to withdraw. *See Commonwealth v. Reed*, 107 A.3d 137, 140 (Pa. Super. 2014). Counsel must send the petitioner a copy of the brief, their petition to withdraw and an explanation of their right to proceed *pro se* or with new counsel. *See id*. When we find counsel has satisfied the technical demands of *Turner/Finley*, we must conduct our own review of the merits of the case. *See id*.

Our review of the record shows that attorney Molineux complied with the *Turner/Finley* requirements. He evaluated the merits of Womack's ineffectiveness claim despite finding it time-barred and finding Womack ineligible for PCRA relief because he is no longer serving his sentence in this case. *See Turner* Brief at 6-8. Attorney Molineux then sent all the required materials to Womack.

We therefore turn to the merits of Womack's petition. When we review an order dismissing a PCRA petition we determine whether the decision is

supported by the record and free of legal error. *See Commonwealth v. Jarosz,* 152 A.3d 344, 350 (Pa. Super. 2016). Here, the PCRA court determined it lacked jurisdiction to consider Womack's petition because the petition was untimely, and he was not eligible for relief because he was no longer serving his sentence in this case. *See* PCRA Court Opinion, 6/1/22, at 3-4.

A PCRA petition must be filed within the one-year period immediately following the date on which the judgment of sentence becomes final. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). This time-bar implicates our jurisdiction, we may not ignore it to assess the merits of a petition. *See id*. A judgment of sentence becomes final when the direct review is complete or the time for seeking direct review expires. *See id*.

Our review of the record reflects that Womack's judgment of sentence was imposed on August 13, 2007, and became final on September 12, 2007, when he failed to file a direct appeal to this Court. *See* Pa.R.A.P. 903(a). He then had until September 12, 2008, to file a timely PCRA petition. Womack's *pro se* petitions were filed in May and June of 2020, making them patently untimely.

Nevertheless, a petitioner may overcome the time-bar when they allege in the petition and prove one of three exceptions. *See Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). These exceptions include: that the claim was not raised previously due to interference by government officials; that the petitioner previously did not know, and could not have known through due

diligence, the facts of the claim earlier; and that the petitioner is asserting a right which has been recognized since the judgment of sentence became final and has been held to apply retroactively. **See** 42 Pa.C.S.A. § 9545 (b)(1)(i)-(iii). In order to successfully avail oneself of an exception to the time-bar, the petitioner must show that he raised his claim within sixty days of discovering the claim. **See Hernandez**, 79 A.3d 649, 652 (Pa. Super. 2013).

Here, Womack's *pro se* petitions and PCRA counsel's amended petition fail to make any reference to the untimeliness of the petition or any attempt to plead or prove an exception to the time-bar. **See** Petition for a Writ of Error of Coram Nobis, 5/4/2020; Amended Post-Conviction Relief Act Petition, 1/11/2022. As Womack therefore failed to plead the existence of any exception to the PCRA's time-bar, the PCRA court correctly determined it lacked jurisdiction over Womack's petition. **See Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013).

Further, the PCRA court noted Womack is no longer serving his sentence in this case. Womack's sentence of ten to twenty-three months' incarceration followed by two years of probation commenced on September 4, 2007. **See** Judgment of Sentence, 8/13/07. Accordingly, Womack was no longer serving this sentence by 2011. PCRA relief is not available to Womack as he is no longer serving the sentence for the crime in this case. **See Commonwealth v. Plunkett**, 151 A.3d 1108, 1112 (Pa. Super. 2016).

Application to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/5/2023